UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA GREER,<br><br>            Plaintiff,<br>       v.<br><br>LOWE'S HIW, INC., et al.,<br><br>            Defendants. | Case No.: 1: 12-CV-1096-LJO-JLT<br><br>**ORDER GRANTING LOWE'S REQUEST FOR TELEPHONIC APPEARANCE OF THE CLIENT REPRESENTATIVE AT THE SETTLEMENT CONFERENCE**<br><br>(Doc. 13) |

Before the Court is the request of Defendant Lowe's for an order excusing J. Patrick Stutts, Esq. from personally attending the settlement conference[1] currently scheduled for May 23, 2013. Apparently, Mr. Stutts is the person in whom Lowe's has vested full and complete settlement authority. Defendant explains that Mr. Stutts is located in North Carolina and his attendance at the settlement conference would be unduly burdensome.

Though the Court has no wish to impose unduly difficult requirements, the Court notes Defendant fails to explain that those who *will* appear at the settlement conference *will* have sufficient settlement authority such that the conference will not be delayed by repeated telephone calls to Mr. Stutts or others. However, the Court presumes this is the case and its order excusing

---

[1] Defendant describes the settlement conference as "mandatory;" it is not. Instead, this is a service offered by the Court. This means that the Court presumes the parties desire settlement on reasonable terms—settlement based upon a waiver of costs, is not considered a "reasonable" expectation of the settlement conference. If any party does not believe the case is in a settlement posture, she/it SHALL immediately alert the Court.

1

Mr. Stutts from personally attending the conference is **expressly conditioned** upon this occurring.[2]

Therefore, good cause appearing, the Court **ORDERS**:

1. Lowes' request for Mr. Stutts to be available by telephone, rather than personally appearing at the settlement conference, is **GRANTED**.  However, this order is expressly conditioned upon Defendant conferring sufficient settlement authority on those who will appear at the settlement conference.  Defendant's failure to do so will result in the imposition of sanctions;

2. Mr. Stutts SHALL be available by telephone throughout the entire settlement conference until excused by the Court.

IT IS SO ORDERED.

Dated:   **April 29, 2013**                    **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE

---

[2] It is absolutely unacceptable for every offer/counteroffer to have to be telecommunicated to an absent party before a response can be formulated and counsel are admonished that this will not be tolerated.