UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA GREER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HIW, INC. and DOES 1 to 20, inclusive,<br><br>　　　　　　　Defendant. | CASE NO. 1:12-CV-01096-LJO-JLT<br><br>**ORDER GRANTING IN PART STIPULATION TO AMEND THE SCHEDULING ORDER**<br><br>(Doc. 20) |

　　　　Before the Court is the stipulation of the parties to amend the scheduling order. (Doc. 20) The parties assert the amendment is necessary to allow the neurosurgical and neuropsychological examination of Plaintiff. Id. at 3. Notably, the parties, though concluding they have acted diligently in pursuing discovery, fail to set forth why three independent medical examinations are necessary or why these examinations have not occurred before now. Moreover, they fail to provide explanation why months are needed to evaluate the results of these examinations or to compare them to the demand made by Plaintiff.[1]

　　　　According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause

---

[1] By referring to the dates provided for the pretrial and trial, the parties seem to imply that there is an excess amount of time in the schedule. To the contrary, based upon the workload of Judge O'Neill and the crushing caseload he carries, the amount of time built into the case schedule is necessary for the Court to have sufficient time to address motions and to ensure the case proceeds in an orderly fashion. Indeed, in the current case schedule there is virtually no excess time.

1

and only with the judge's consent. Fed. R. Civ. P. 16(b).  In <u>Johnson v. Mammoth Recreations</u>, <u>Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

The scheduling order advised the parties that a stipulation to amend the scheduling order, unsupported by good cause, would not be sufficient.  (Doc. 10 at 8) The order reads,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(<u>Id</u>., emphasis in the original)  Nevertheless, based upon their stipulation, the parties seek a continuance of the settlement conference and the dates by which experts must be disclosed and expert discovery must be completed without any real showing why the disclosure cannot occur on schedule.  Notably, they report the next IME will occur in early August and fail to explain why the final one cannot occur within weeks—or even a month—of the second exam.

Moreover, the dates proposed in the stipulation exclude the possibility of filing motions related to expert discovery and would require dispositive motions be filed and opposed before any expert discovery occurred and without any showing counsel have contemplated the impact this could have on this litigation or the resulting prejudice to their clients.

Though the Court does not suggest the IMEs should not occur but, without a showing that the examinations cannot be completed in sufficient time to meet the current October 16, 2013 disclosure date, the Court does not find good cause exists to modify the scheduling order. Moreover, despite seeking an extension of time to complete non-expert discovery, there is no showing at all that good cause exists for this requested modification.

**ORDER**

1. The settlement conference is continued to **November 14, 2013** at 9:30 a.m;
2. Based upon a lack of good cause, the stipulation to amend the scheduling order is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 2, 2013**                              **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE