UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANNA GREER, | CASE NO. 1:12-CV-01096-LJO-JLT |
|---|---|
| Plaintiff, | **ORDER TO PLAINTIFF TO APPEAR AND SHOW CAUSE WHY SANCTIONS, UP TO AND INCLUDING TERMINATING SANCTIONS, SHOULD NOT BE IMPOSED FOR HER FAILURE TO COMPLY WITH COURT ORDERS INCLUDING FAILING TO APPEAR AT THE SETTLEMENT CONFERENCE** |
| v. | |
| LOWE'S HIW, INC. and DOES 1 to 20, inclusive, | |
| Defendant. | |

On November 1, 2012, the Court held the scheduling conference and, at that time, set a settlement conference. (Doc. 10 at 5-7)  The scheduling order reads,

> Unless otherwise permitted in advance by the Court, **the attorneys who will try the case shall appear** at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms** [Footnote] at the conference.

(Doc. 10 at 5, footnote omitted)  At the request of the parties, the Court continued the conference to November 14, 2013. (Docs. 16, 21)  Though counsel lodged timely settlement conference statements and appeared at the settlement conference, Plaintiff failed to appear.  This resulted in counsel for Defendant incurring unnecessary costs and wasted the Court's resources.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.  "District courts

1

have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Therefore, the Court **ORDERS**:

1. Plaintiff **SHALL** appear in person on **November 27, 2013 at 9:00 a.m.** at the United States Courthouse, located at 510 19th Street. At that time, she will be required to show cause why sanctions, up to and including terminating sanctions, should not be imposed for her failure to appear at the settlement conference, her failure to prosecute this action and her failure to comply with the Court's orders;

2. Defendant is not required to appear on November 27, 2013 but if Defendant chooses to do so, Defendant may appear via CourtCall provided notification of this intention is given through an e-mail to JLTOrders@caed.uscourts.gov no later than November 25, 2013;

3. In the event Plaintiff appears and the Court deems it appropriate, the Court will resume the settlement conference at that time. Contact with counsel for Defendant will occur via telephone, as necessary. **No later than November 25, 2013**, Defendant **SHALL** notify the Court and provide contact information, for the attorney who will be available to discuss settlement. An e-mail containing this information should be sent to JLTOrders@caed.uscourts.gov with a copy sent to opposing counsel.

///
///
///
///
///

**Plaintiff is strongly cautioned that her failure to appear as ordered will result in an immediate recommendation that the matter be dismissed.**

IT IS SO ORDERED.

Dated:   **November 14, 2013**              **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE